IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 08-40031-01-RDR**

MICHAEL NORRIS SCHMIDT,

        Defendant.

## MEMORANDUM AND ORDER

On February 20, 2009, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Following the preparation of a presentence report, the defendant made four objections. Most of the objections concern his alleged possession of two particular firearms as relevant conduct. The defendant also sought a downward variance.

At the sentencing hearing, the court heard testimony from Brad Schlerf, a detective with the Riley County Police Department. Based upon that testimony and the other evidence that was offered, the court reaches the following conclusions concerning the defendant's objections.

*Possession of the .357 pistol and .20 gauge shotgun*

The defendant contends that his base offense level should be

16 because neither the .20 gauge shotgun nor the .357 pistol were knowingly possessed by him.  He points out that (1) he admitted possessing all of the firearms except these two; (2) Ms. Kathleen Klingsieck said the shotgun was hers; and (3) the firearms were found in a drawer containing women's clothing.  The defendant argues that the government has not shown he possessed these firearms by clear and convincing evidence.  The probation office and the government assert that the facts support the conclusion that the defendant did possess these firearms.

Having carefully reviewed all of the evidence presented to the court, the court is persuaded that the defendant possessed the weapons.  Contrary to the argument of the defendant, the government need only prove relevant conduct by a preponderance of the evidence.  <u>United States v. Garcia</u>, 411 F.3d 1173, 1177 (10th Cir. 2005).  Although the Tenth Circuit has left open the question of whether a higher standard of proof should apply where an increase in sentence is dramatic, the court has taken no steps to adopt this view.  See <u>United States v. Olsen</u>, 519 F.3d 1096, 1105 (10th Cir. 2008).  The guns were found at a residence where the defendant was living with Ms. Klingsieck.  In the only livable bedroom in the house, law enforcement officers found the firearms in the drawer of a dresser.  The drawer contained both men's and women's clothing. In another part of the house, the officers found spent and unspent .357 and .20 gauge ammunition.  In this area, the officers also

found men's clothing and an envelope with the defendant's name on it. The court believes that the presentence report, based upon a preponderance of the evidence, correctly attributes these firearms to the defendant. The base offense level of 16 is correct.

*Number of Firearms*

The defendant next contends that the number of firearms should be six based upon the aforementioned argument. Given the court's determination of the first objection, this objection must also be denied.

*Enhancement Under U.S.S.G. 2K2.1(b)(4)(A)*

The defendant asserts that the two-point enhancement under U.S.S.G. § 2K2.1(b)(4)(A) should not apply because the defendant entered a plea to possession of a stolen firearm, which was an element of the offense. Thus, the defendant contends that the enhancement constitutes double counting. The government and the probation office disagree, contending that the enhancement is appropriate where the defendant's base offense level was not determined by § 2K2.1(a)(7).

The court agrees with the government and the probation office. The defendant's base offense level was determined by § 2K2.1(a)(4), not § 2K2.1(a)(7). Thus, the two-point enhancement is appropriate. United States v. Goff, 314 F.3d 1248, 1250 (10th Cir. 2003).

*Application of U.S.S.G § 2K2.1(b)(2)*

The defendant contends that U.S.S.G § 2K2.1(b)(2) applies

because the firearms were possessed solely for sporting purposes. Given the court's other determinations, this argument must also fail. The court has decided that the defendant's base offense level falls under § 2K2.1(a)(4), so the specific characteristic under § 2K2.1(b)(2) does not apply. See <u>United States v. Fleck</u>, 413 F.3d 883, 894 (8th Cir. 2005).

*Downward Variance*

The defendant seeks a downward variance based upon the poor health of his parents and the fact that he no longer needs treatment or rehabilitation. He indicates that he intends to live with his parents when released. The probation office notes that the defendant has not lived with his parents since approximately 1998.

The court is not persuaded that a downward variance is appropriate here. The defendant has shown little inclination to provide assistance to his parents prior to the events that led to his prosecution here. Moreover, the repeated possession of firearms, coupled with his past criminal history, suggests that a variance should not be allowed. The court intends to sentence the defendant within the guidelines as calculated by the aforementioned rulings.

*Summary*

Based upon the aforementioned rulings, the court sentenced the defendant to a term of imprisonment of 57 months with a supervised

release period of two years.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009 at Topeka, Kansas.

            s/Richard D. Rogers
            United States District Judge